IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ANNE S BECKER, individually and as
Trustee of the Anne S. Becker Charitable
Remainder Unitrust,

      Plaintiff,

v.                                      CASE NO. 1:05-cv-00118-MP-AK

DALE K EHRHART  INC,
JOHN A DAVIS,
FALCON FINANCIAL MANAGEMENT INC,
FALCON FINANCIAL PLANNING INC,
MICHAEL T HARTLEY,
IFG ADVISORY SERVICES INC,
WILLIAM D KING,
MICHAEL TILLMAN PA,
MULTI-FINANCIAL SECURITIES CORPORATION,
MICHAEL G TILLMAN,
TILLMAN HARTLEY LLC,

      Defendants.

_____/

## O R D E R

      This matter is before the Court on Doc. 21, Motion to Compel Arbitration and to Stay

Proceedings as to them Pending Arbitration, filed by Defendants John A. Davis, Jr., ("Davis"),

Falcon Financial Management, Inc. ("FFM"), Falcon Financial Planning, Inc. ("FFP") and

Multi-Financial Securities Corporation (formerly known as IFG Network Securities, Inc. and

formerly known as IFG Advisory Services, Inc.) ("Multi-Financial").  After receiving an

extension, doc. 33, the plaintiff responded.  doc. 40.   For the reasons given below, the motion is

granted in part and denied in part.

      The complaint in this case alleges that the defendants, each of whom were financial

advisers to Ms. Becker and to the charitable remainder unitrust at some point, mishandled Ms.

Becker's affairs either negligently or intentionally.  The Complaint asserts, in seventeen counts, various causes of action relating to this alleged financial mishandling.

Several of the defendants now move to compel arbitration, claiming that their relationship with Ms. Becker is governed by certain contracts, and that those contracts contain mandatory arbitration clauses.  The defendants therefore seek to arbitrate those claims and to stay the instant proceeding pending arbitration.  The plaintiff does not dispute that the contracts contain arbitration clauses but points out that only the Becker Charitable Remainder Unitrust is a signatory to the contract – not Ms. Becker individually.   Also, she notes that the arbitration clauses apply only to "[a]ny controversy between us arising out of our business or this agreement"  Exhibit A to doc. 21.  The "us" in that clause would be the Unitrust and the defendants, not Ms. Becker individually.   Additionally, any claims relating to the Unitrust which do not arise from defendants' business or the agreement would not be subject to the arbitration clause. The "business" referred to is the buying and selling of securities.

The Court agrees with the plaintiff that of the seventeen counts of the Complaint, only four are brought by Plaintiff as Trustee and concern allegations that the moving defendants engaged in acts arising out of their brokerage business that harmed Plaintiff as Trustee. (Counts Two, Four, Six and Seventeen).  Additionally, of the moving defendants, only Multi-Financial Securites Corporation and Davis (in his capacity as a securities broker with Multi-Financial Securities Corporation) have colorable claims to be covered by the three arbitration agreements. The only other count brought by plaintiff as trustee, , Count Nineteen, requests an accounting for the Trust's assets and thus does not arise from the "business" referred to in three agreements containing arbitration clauses.  Only those claims actually agreed to be arbitrated are subject to

mandatory arbitration.  <u>Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford</u>

<u>Junior</u>, 489 U.S. 468, 478 (1989).  Since all the other claims of the complaint are not covered by

the agreements, they are not subject to arbitration.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The motion to compel arbitration (doc. 21) and stay proceedings is granted in part
        and denied in part.  The Court hereby directs arbitration of Counts Two, Four, Six
        and Seventeen to the extent discussed above.  The Court will stay proceedings in
        the instant case on those four claims, but will not dismiss them at this juncture.

2.      The case will proceed in this Court with regard to all other claims, and the
        moving defendants shall have twenty days from the date of this order to respond
        to the Complaint.

**DONE AND ORDERED** this  *31st*  day of March, 2006

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge